UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORANGE INTERNATIONAL TRADING LLC,<br><br>Plaintiff,<br><br>v.<br><br>STEINHAUSER, INC.,<br><br>Defendant.<br><br>STEINHAUSER, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>FRUTAKI INDP. IMP E EXP. LTD, TOTAL JUICE INDUSTRIA DE SUCOS LTDA, and CARLOS LUIZ SAAD,<br><br>Third-Party Defendants. | Civ. Action No. 16-11006-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**            **November 13, 2018**

**I.**     **Introduction**

Plaintiff Orange International Trading LLC ("Orange") brings claims against Steinhauser, Inc. ("Steinhauser") arising out of claims against Steinhauser that were assigned to Orange by Frutaki Indp. Imp e Exp. Ltd. ("Frutaki") and Total Juice Industria de Sucos LTDA ("Total"). D.

1

1. Orange moves for judgment on the pleadings, D. 55, and Steinhauser moves for summary judgment, D. 58. Orange also moves to strike certain portions of Steinhauser's motion for summary judgment. D. 69. Steinhauser moves to strike certain portions of Orange's opposition to Steinhauser's motion for summary judgment. D. 71. For the following reasons, the Court DENIES Orange's motion for judgment on the pleadings, D. 55, ALLOWS IN PART Orange's motion to strike, D. 69, DENIES Steinhauser's motion for summary judgment, D. 58, and DENIES Steinhauser's motion to strike, D. 71.

## II. Factual Allegations

The following facts are undisputed unless otherwise noted. Total and Frutaki are entities engaged in the business of manufacturing, supplying and selling fruit juice concentrates. D. 1 ¶ 8; D. 11 ¶ 8. Steinhauser had been involved in business dealings with Frutaki beginning in 2013. D. 1 ¶ 9; D. 11 ¶ 9. In 2014, Frutaki was involved in multiple transactions with Steinhauser. D. 1 ¶ 10; D. 11 ¶ 10. In one such transaction, Frutaki sold Steinhauser over $6 million in juice concentrate and related products. D. 1 ¶ 10; D. 11 ¶ 10. In that transaction, as was customary for the dealings between the two parties, Frutaki submitted an invoice to Steinhauser prior to shipping the goods and Steinhauser paid the invoice in full upon receipt of the bill of lading. D. 1 ¶ 10; D. 11 ¶ 10. Three invoices from Frutaki to Steinhauser were not paid by Steinhauser: an invoice from September 28, 2014 for $47,124; an invoice from October 2, 2014 for $45,936; and an invoice from October 1, 2014, for $45,441, for a total of $138,501. D. 1 ¶ 13; D. 11 ¶ 13. Frutaki demanded payment from Steinhauser for these invoices and Steinhauser did not pay. D. 1 ¶¶ 20-21; D. 11 ¶¶ 20-21. Orange attached copies of each invoice to its complaint. D. 1-2, 1-3, 1-4.

Total supplied and sold juice concentrates to Steinhauser for distribution in Europe and elsewhere on multiple occasions. D. 1 ¶ 8; D. 11 ¶ 8. On four occasions, Steinhauser ordered fruit

2

juice concentrate products, received the product, was invoiced by Total, and did not pay the invoice. D. 1 ¶ 27-28; D. 11 ¶ 27-28. The invoices were from October 5, 2014, for $47,949; from October 5, 2014, for $47,025; from October 5, 2014, for $45,375; and from October 12, 2014, for $35,763.75, for a total of $176,112.75. D. 1 ¶ 27; D. 11 ¶ 27. Total demanded payment from Steinhauser and Steinhauser did not pay. D. 1 ¶ 34-35; D. 11 ¶ 34-35. Orange attached copies of each invoice to its complaint. D. 1-5, 1-6, 1-7, 1-8. Orange alleges, and Steinhauser does not deny, that it is the assignee of the claims regarding the invoices from Frutaki and Total. D. 1 ¶ 3.

In or about 2012, Frutaki was run by Carlos Saad ("Saad") and entered into a joint venture with a company named Frutaki BV ("BV"). D. 60 ¶ 3; D. 68 ¶ 3. Pursuant to that joint venture agreement, Frutaki was to provide BV with various fruit juices. D. 60 ¶ 4; D. 68 ¶ 4. Over the course of the joint venture, funds were transferred from BV to Frutaki and Saad, although the parties dispute whether that funds transfer was a loan or a contribution to the joint venture. D. 60 ¶ 5; D. 68 ¶ 5. Steinhauser contends, and Orange disputes, that the loans were sometimes repaid via invoice forgiveness. D. 60 ¶ 6; D. 68 ¶ 6. In 2013, there was a payment by BV of $780,169.18, which Steinhauser characterizes as a loan and which Orange characterizes as a contribution to the joint venture which was to be repaid from Frutaki's portion of the profits from the joint venture. D. 60 ¶ 8; D. 68 ¶ 8; D. 65 ¶¶ 18, 19. Steinhauser contends, and Orange disputes, that BV assigned the right to collect on its $780,169.18 loan or contribution to Steinhauser shortly before BV made that loan or contribution. D. 60 ¶ 10; D. 68 ¶ 10.[1] Steinhauser contends that in 2014, Saad changed the name of Frutaki to Total, whereas Orange contends that Total was a separate entity. D. 60 ¶ 11; D. 68 ¶ 11. In 2017, BV assigned to Steinhauser the right to collect any remaining debts owed

---

[1] As described below, however, the portion of the affidavit that forms the basis for Steinhauser's contention that the assignment took place in 2013 is not appropriately considered part of the summary judgment record.

by Frutaki to BV.  D. 60 ¶ 17; D. 68 ¶ 17.

### III.     Procedural History

On June 1, 2016, Orange filed its complaint against Steinhauser.  D. 1.  On June 28, 2017, Steinhauser filed a third-party complaint against Frutaki, Total and Saad, the third-party defendants.  D. 28.  Orange subsequently moved for judgment on the pleadings.  D. 55. Steinhauser has moved for summary judgment. D. 58.  In response, Orange moved to strike portions of Steinhauser's motion for summary judgment, D. 69, and Steinhauser moved to strike portions of that motion, D. 71.  The Court heard argument on the motions and took the matters under advisement.  D. 77.

### IV.     Orange's Motion for Judgment on the Pleadings

#### A.     <u>Standard of Review</u>

In adjudicating a motion for judgment on the pleadings, the Court "view[s] the facts contained in the pleadings in the light most flattering to the nonmovant[] . . . and draw[s] all reasonable inferences therefrom in [its] favor." <u>Aponte-Torres v. Univ. of Puerto Rico</u>, 445 F.3d 50, 54 (1st Cir. 2006).  The Court does not engage in "any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  <u>Id.</u>  Granting a motion for judgment on the pleadings to a plaintiff is an "extraordinary remedy."  <u>Robert Reiser & Co. v. Scriven</u>, 130 F. Supp. 3d 488, 498 (D. Mass. 2015).  "Public policy, affording each litigant a full and fair hearing on the merits, warrants against imprudent use of this motion."  <u>Nelson v. Univ. of Maine Sys.</u>, 914 F. Supp. 643, 647 (D. Me. 1996).[2]

---

[2] The Court does not convert Orange's motion for judgment on the pleadings to a motion for summary judgment, but notes that the parties stated at the hearing, D. 77, that they would not supplement the record if the Court were to do so.

### B. Orange is Not Entitled to Judgment on the Pleadings

Orange contends it is entitled to judgment on the pleadings because Steinhauser does not deny in its answer, that it received goods, was invoiced for those goods, and never paid for those goods. D. 55 at 2-3. Orange argues that it is undisputed that Steinhauser did not receive an assignment of any claims held by BV until 2017. D. 28. Orange further contends that, under Massachusetts law, Steinhauser would, at best, only be entitled to offset its assigned claims against Frutaki and Total if Steinhauser received its assignment of those claims prior to receiving notice that Frutaki and Total had assigned their claims to Orange. D. 55 at 5-6. Under Massachusetts law, the rights of an assignee are subject to "any . . . claim of the account debtor against the assignor which accrues before the account debtor receives a notification of the assignment authenticated by the assignor or the assignee." Mass. Gen. L. c. 106 § 9-404(a). According to an assignment attached to the motion for judgment on the pleadings, Frutaki and Total assigned their claims to Orange in 2016. D. 55-2 at 8.

It is not, however, undisputed from the pleadings that Steinhauser did not receive any assignment of claims from BV until 2017. In the third-party complaint, Steinhauser alleges both that BV "assigned to Steinhauser all rights granted to [it] in connection with the 2013 loan," D. 28 ¶ 16, and that "[i]n or about May of 2017, [BV] assigned all of its rights to repayments from [Frutaki, Saad, or Total] to Steinhauser." D. 28 ¶ 18. At the motion hearing, Orange contended that Steinhauser is judicially estopped from claiming that the assignment took place before 2017 because Steinhauser took the position in the complaint that the assignment took place in 2017. That complaint, however, does not make clear whether it references two separate assignments, one of which may have happened prior to 2017 and one of which happened in 2017, or whether it references a single assignment. Steinhauser's cross-motion for summary judgment clarifies

Steinhauser's position that the first assignment referenced in its third-party complaint took place in 2013. D. 60 ¶ 10. Thus, the Court does not conclude that Steinhauser is judicially estopped from contending that there was an assignment before 2017 in addition to the 2017 assignment, and it is therefore not undisputed that Steinhauser has no right to offset the claims it received from BV. Similarly, Orange's motion to strike Steinhauser's affirmative defense of setoff, D. 55 at 1, is also denied.[3] For all of these reasons, Orange is not entitled to judgment on the pleadings.

## V. Steinhauser's Motion for Summary Judgment

### A. **Standard of Review**

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact "carries with it the potential to affect the outcome of the suit under the applicable law." Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal quotation mark omitted) (quoting Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). "[The] party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact." Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving

---

[3] Orange additionally contends that Steinhauser waived its right to assert the setoff defense by filing the third-party complaint against Frutaki and Total, because Steinhauser may receive double recovery. D. 62 at 16. In the context of a motion for judgment on the pleadings, however, Steinhauser is permitted to assert alternative inconsistent theories and there are other mechanisms to prevent a double recovery. See J & J Sports Prods. Inc. v. Cela, 139 F. Supp. 3d 495, 500 (D. Mass. 2015) (stating at the pleading stage of the litigation, a party may assert inconsistent or alternative claims). Orange further states that the third-party complaint must be dismissed because it was not properly served and because the Court does not have personal jurisdiction over the third-party defendants. D. 62 at 20-21. To the extent, however, that Orange even may move to dismiss a complaint against third-party defendants, there is no such motion properly before the Court to do so. D. 73 at 4-5; Fed. R. Civ. P. Rule 12(b), 12(h)(1); Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund, 967 F.2d 688, 691-92 (1st Cir. 1992).

party has met its burden, the non-moving party may not rest upon the allegations or denials in her pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but "must, with respect to each issue on which she would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in her favor." Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010) (internal citations omitted).

**B.** **Orange's Motion to Strike**

Orange moves to strike portions of an affidavit from Kay Jacobs, the "General Manager/Managing Director" of BV, D. 61 ¶¶ 1-2, on the basis that those statements are not based upon personal knowledge. D. 69 at 2. The challenged portions concern the nature of the business relationships between Steinhauser, BV, Frutaki and Total. D. 61 ¶¶ 3, 4, 11-15, 17-18. Steinhauser also moves to strike exhibits to the affidavit which are emails received by Jacobs. D. 69; D. 61-3; D. 61-4. Under Rule 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The affidavit begins with a statement by Jacobs that the statements in the affidavit are based on his "own personal knowledge." D. 61 ¶ 1. The challenged portions of the affidavit include specifically Jacobs' statements that Steinhauser is a BV affiliate, D. 61 ¶ 3; that Steinhauser makes purchases for BV and handles shipping for BV, D. 61 ¶ 4; that BV and Frutaki agreed that the 2013 loan could be repaid through foregoing collection on invoice, D. 61 ¶ 11; that BV assigned its ability to collect on the debt to Steinhauser "shortly after the 2013 Loan was made," D. 61 ¶ 12; that Frutaki changed its name to Total in September 2014 but continued to operate as the same entity, D. 61 ¶¶ 13-15. The challenged emails are an email thread from Saad stating that he would begin shipments under the Total name after concluding earlier shipments in the Frutaki name, D. 61-3 at

7

2-3; and an email thread from a Peter West requesting that Saad provide details for corresponding with and issuing payments to Total, D. 61-4 at 2. The emails were copied to Jacobs. D. 61-3 at 2-3; D. 61-4 at 2.

A statement in an affidavit is admissible as part of a summary judgment record where it is "made on personal knowledge," "set[s] forth such facts as would be admissible in evidence, and [] show[s] affirmatively that the affiant is competent to testify to the matters stated therein." Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001). This standard is applied to "each segment of the affidavit, not to the affidavit as a whole." Id. Jacobs does not attest to when he began working at BV and the attached emails only indicate that he began working at BV as early as September 2014. D. 61-4 at 2. Thus, the affidavit only affirmatively shows that Jacobs had personal knowledge of events concerning BV from September 2014 forward. See Perez, 247 F.3d at 315 (explaining that the affiant's statements about his employer's conduct before he joined were not sufficiently based in personal knowledge and were therefore inadmissible). The affidavit does not affirmatively show that Jacobs is competent to testify as to any matters prior to September 2014, because it does not lay out the basis for Jacobs' knowledge. Thus, the motion to strike is ALLOWED as to Paragraphs 11 and 12 of Jacobs' affidavit, D. 61, but DENIED in all other respects.

C. **Steinhauser's Motion to Strike**

Steinhauser moves to strike Orange's opposition to Steinhauser's motion for summary judgment because it exceeds the page limit by two pages. D. 71 at 1-2. The Court declines to do so. Steinhauser also moves to strike statements in the affidavit of Vinicius Delalibera, the financial manager of Total, that Total was never an extension of Frutaki; that Frutaki and Brazil are separate entities; and that all of Total's dealings with Steinhauser have been in Brazil and Europe. D. 72 at

8

2; D. 66 ¶¶ 8, 9, 14. Steinhauser contends that Delalibera lacked personal knowledge regarding any of these statements. D. 71 at 2. Delalibera states, in his affidavit, that he "worked for Total . . . from its formation" in April 2014 to the present," and that his responsibilities as financial manager included "creation and maintenance of internal financial ledgers or financial record keeping." D. 66 ¶¶ 1-3, 4. Delalibera's statements suffice to provide an adequate basis for his personal knowledge of the founding circumstances of Total. Finally, Steinhauser moves to strike the statement in Saad's affidavit that the joint venture agreement between Frutaki and BV prohibited the assignment of BV's interest without the consent of Frutaki and the attachment to Saad's affidavit that contains a purported copy of the joint venture agreement itself. D. 72 at 2-3; D. 65 ¶ 16; D. 65-1. Steinhauser contends that the joint venture agreement is a draft and therefore inadmissible because Orange, in its opposition papers, described the exhibit as a draft. D. 72 at 2-3; D. 62 at 15. Saad's affidavit, however, states that Saad was the owner of Frutaki from 2013 to June 2017 and states that the attached purported copy of the joint venture agreement was memorialized in the attached document, which is a "true and correct copy" of the memorialization. D. 65 ¶¶ 1, 15. Steinhauser further contends that Saad's interpretation of the joint venture agreement must be struck because it is a legal conclusion. D. 72 at 3. Saad's understanding, however, of the parties' joint venture agreement is a fact that is admissible even if it is not authoritative as to the question of the legal interpretation of the agreement. Steinhauser's motion to strike, D. 72, is DENIED.

### D. Steinhauser is Not Entitled to Summary Judgment

Steinhauser contends that it is entitled to summary judgment on two grounds. First, Steinhauser argues that the undisputed record shows that Orange did not receive any assignment from Frutaki or Total. D. 59 at 5. Orange attached to its motion for judgment on the pleadings a

9

signed assignment from Total and Frutaki to Orange, but did not attach an affidavit attesting to the authenticity of that assignment. D. 55-2. Steinhauser contends that this signed document has not been properly authenticated and therefore is not properly considered part of the record for summary judgment. D. 59 at 5; Carmona, 215 F.3d at 131 (stating that "[d]ocuments supporting or opposing summary judgment must be properly authenticated . . . by an attached to an affidavit that meets the requirements of Rule 56"). Orange, however, did submit an affidavit attesting to the authenticity of the signed assignment based on the affiant's personal knowledge, in its opposition to the motion for summary judgment. D. 64. The Court thus declines to disregard the assignment, as it is properly before the Court.

Second, Steinhauser argues that the undisputed record shows that Steinhauser has a valid setoff defense against the claims brought by Orange. D. 59 at 5-9. To assert a setoff defense against Orange on the basis of a claim unrelated to the underlying debt, Steinhauser must show that it had a valid claim against Orange's predecessors in interest, Frutaki and Total, and that this claim accrued before Steinhauser had notice of the assignment from Frutaki and Total to Orange. Mass. Gen. L. c. 106 § 9-404(a) (stating that the rights of an assignee are subject to "any . . . claim of the account debtor against the assignor which accrues before the account debtor receives a notification of the assignment authenticated by the assignor or the assignee"); Graves Equip., Inc. v. M. DeMatteo Const. Co., 397 Mass. 110, 112 (1986) (explaining that the predecessor to this rule applies to "claims and defenses which arise independently of the contract that is the subject of the assignment").

Steinhauser contends that it is undisputed that BV was owed over $780,000 from Frutaki and its successor, Total, and that the obligation accrued and was assigned to Steinhauser before Steinhauser received notice of the assignment from Frutaki and Total to Orange. D. 59 at 7. There

is, however, a genuine dispute of fact regarding several of these elements. Orange disputes that BV was owed $780,000 because there was no loan, but only a joint venture agreement. D. 68 ¶ 5. In support of this contention, Orange cites to the affidavit of Saad, who claims personal knowledge of the joint venture. D. 65 ¶¶ 4-15. Orange also disputes that Total is a successor to Frutaki, relying on the affidavit from Saad, an officer of both Frutaki and Total, who states that the two entities were separate companies. D. 68 ¶ 11; D. 65 ¶¶ 34-39. Finally, Orange disputes that the assignment of BV's claim against Frutaki was assigned to Steinhauser prior to Steinhauser receiving notice at the commencement of this litigation. D. 68 ¶ 10. As described above, the portion of Jacobs' affidavit that forms the basis for Steinhauser's contention that the assignment took place in 2013 is stricken from the summary judgment record based on Jacobs' lack of personal knowledge of the assignment. Orange further points out that, in the third-party complaint, Steinhauser alleged that the pre-litigation assignment took place after May 10, 2014, D. 28 ¶¶ 14-16, but a written "Confirmation of Assignment" attached to Jacobs' affidavit, signed by Jacobs, states that the pre-litigation assignment took place prior to January 1, 2014. D. 68 ¶ 10. For all of these reasons, there remains a genuine dispute of material fact regarding several elements of Steinhauser's setoff defense.

## VI. Conclusion

For the foregoing reasons, the Court DENIES Orange's motion for judgment on the pleadings, D. 55, ALLOWS IN PART Orange's motion to strike, D. 69, DENIES Steinhauser's motion for summary judgment, D. 58, DENIES and Steinhauser's motion to strike, D. 71.

**So Ordered.**

                                                /s/ Denise J. Casper
                                                United States District Judge